JUDGE ENGELMAYER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

RASHEEM HAWKINS,

        Plaintiff,

    -against-

THE CITY OF NEW YORK; NEW YORK CITY
POLICE OFFICER JOSEPH MONEZ, Shield
No. 13653; NEW YORK CITY POLICE
OFFICER SHREEGANES MEADE, Shield
No. 867; NEW YORK CITY POLICE
OFFICER HENRY MANCEBO, Shield No.
4227; NEW YORK CITY POLICE OFFICER
LEONARDO DEOLIVEIRA, Shield No.
3164; JOHN DOES; RICHARD ROES,

        Defendants.
- - - - - - - - - - - - - - - - - -X

12 CV 6411

COMPLAINT

Plaintiff Demands
Trial By Jury



## PRELIMINARY STATEMENT

1.    This is a civil action in which the plaintiff, RASHEEM HAWKINS, seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a timely Notice of Claim with the

Comptroller of the City of New York on August 2, 2011, within 90 days of the incidents complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff was at all times relevant herein a resident of the State of New York, County of Queens.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants MONEZ, MEADE, MANCEBO, DEOLIVEIRA, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants MONEZ, MEADE, MANCEBO, DEOLIVEIRA, and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants MONEZ, MEADE, MANCEBO, DEOLIVEIRA, and JOHN DOES are sued individually.

10. Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants RICHARD ROES are and were at all times

relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11. On May 24, 2011, approximately 8:50 p.m., Plaintiff was walking home in his neighborhood in upper Manhattan.

12. Plaintiff heard a voice from behind him say, "yo."

13. The voice was a JOHN DOE member of the NYPD.

14. The JOHN DOE member of the NYPD told Plaintiff that a bottle had been thrown, and asked Plaintiff who threw it.

15. Plaintiff informed the officer that he had no idea what the officer was talking about.

16. The Officer told Plaintiff that he would lock Plaintiff up.

17. Plaintiff told the officer that he would like to leave.

18. Without any provocation on Plaintiff's part, officers of the New York City Police Department - including, on information and belief, Defendants MONEZ, MEADE, MANCEBO, and DEOLIVEIRA -

seized him, and then beat him, including with a retractable baton.

19. Plaintiff did not take any aggressive action towards the officers, at any point.

20. The force used against Plaintiff was entirely unwarranted, excessive, and without cause.

21. The officers continued to beat Plaintiff even after he was handcuffed.

22. One of the JOHN DOE Officers also stepped on Plaintiff's head.

23. Plaintiff was taken to the NYPD 32nd Precinct.

24. Plaintiff suffered an epileptic seizure while he was being held by himself in a cell at the 32nd Precinct.

25. One of the JOHN DOE Officers, on information and belief Defendant MONEZ, asked Plaintiff what was wrong with Plaintiff.

26. Plaintiff said he was having a seizure.

27. While Plaintiff was having this conversation with Defendant MONEZ, a RICHARD ROE NYPD Sergeant came over and asked Defendant MONEZ what was going on.

28. Defendant MONEZ explained to the Sergeant that Plaintiff was having a seizure, and asked if they should call for medical care.

29. The Sergeant stated, in sum and substance, "fuck him, he was being a wise ass, he doesn't need any medical attention."

30. None of the JOHN DOE Officers present at the 32nd Precinct entered the cell to provide assistance to Plaintiff.

31. Nor did any of the JOHN DOE Officers present at the 32nd Precinct call for an ambulance to come to the precinct to attend to Plaintiff.

32. It took hours before the Defendants took Plaintiff to the hospital for medical care.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

33. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

34. By their conduct and actions in assaulting and battering plaintiff, trespassing upon plaintiff, violating rights to equal protection of plaintiff, violating rights to due process of plaintiff, failing to provide proper medical care to plaintiff, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants MONEZ, MEADE, MANCEBO, and DEOLIVEIRA, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in

violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth, and Fourteenth amendments.

35. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

36. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

37. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

38. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and

expenses, and was otherwise damaged and injured.

### THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

39. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

40. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

41. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

42. At all times material to this complaint, defendant

9

THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the use of excessive force by members of the NYPD. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

43. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

44. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

45. The plaintiff incorporates by reference the

allegations set forth in all previous Paragraphs as if fully set forth herein.

46. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

47. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

<u>FIFTH CLAIM</u>

ASSAULT AND BATTERY

48. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

49. By the actions described above, defendants did inflict assault and battery upon the plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common

law rights as guaranteed by the laws and Constitution of the State of New York.

50. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

51. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

52. By the actions described above, defendants violated plaintiff's rights to equal protection of law. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

53. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

54. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

55. By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused severe emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

56. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### EIGHTH CLAIM

#### NEGLIGENCE

57. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

58. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

59. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

**NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING**

60. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

61. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

62. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

## CONSTITUTIONAL TORT

63. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

64. Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 11 and 12 of the New York State Constitution.

65. A damages remedy here is necessary to effectuate the purposes of §§ 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

66. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
    August 22, 2012

                _____
                JEFFREY A. ROTHMAN, Esq.
                315 Broadway, Suite 200
                New York, New York 10007
                (212) 227-2980
                Attorney for Plaintiff